**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOEL SCHIFFHAUER,               :   Case No. 3:25-cv-230

          Plaintiff,            :

         v.                    :

HUSQVARNA CONSTRUCTION     :
PRODUCTS NORTH AMERICA, INC.,  :

        Defendant.       :   **JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES, the Plaintiff, Joel Schiffhauer, by and through his attorneys, Spence, Custer, Saylor, Wolfe, & Rose, LLC and files this Complaint:

## Parties

1.     The Plaintiff, Joel Schiffhauer ("Mr. Schiffhauer"), is an adult individual, with a mailing address of 133 Pitcairn Avenue, Dunlo, Cambria County, Pennsylvania 15930.

2.     The Defendant, Husqvarna Construction Products North America, Inc. ("Husqvarna"), is a Delaware corporation, with a registered principal address of 9335 Harris Corners Parkway, Suite 400, Charlotte, North Carolina 28269, and at all times relevant hereto regularly conducted business activity in Pennsylvania and Cambria County by way of selling and/or distributing its products in the Commonwealth.

## Jurisdiction and Venue

3.     This action arises under the Constitution of the United States of America and is within the diversity jurisdiction of this Honorable Court.

4.     At all times relevant hereto, the events giving rise to this lawsuit occurred in Cambria County, Pennsylvania such that personal jurisdiction and venue are proper in the United States District Court for the Western District of Pennsylvania.

## Factual Background

5.    On or about September 13, 2024, Mr. Schiffhauer was using a Husqvarna model K760 concrete saw in the course of his employment for Highland Sewer and Water Authority to cut a water main at a job site for his employer.

6.    While using the Husqvarna model K760 saw, Mr. Schiffhauer was wearing safety gear including, but not limited to, safety glasses, ear plugs, and a hard hat.

7.    Mr. Schiffhauer was using the saw in a manner that was foreseeable to Husqvarna.

8.    After the saw completed the cut of the water main pipe, the saw suddenly, unexpectedly, and uncontrollably ricocheted backwards towards Mr. Schiffhauer's head, in a manner sometimes referred to as "kickback".

9.    Due to the sudden, unexpected, and uncontrollable ricochet, or "kickback", the Husqvarna saw blade came into contact with Mr. Schiffhauer, causing serious lacerations to Mr. Schiffhauer's face.

10.    Following the incident, Mr. Schiffhauer was immediately transferred to Conemaugh Memorial Medical Center where a plastic surgeon was consulted, and surgery was performed.

11.    As a result of this incident, Mr. Schiffhauer has sustained numerous damages, including, but not limited to:

        a.    Costs for medical care and treatment;

        b.    Lost wages and inability to work;

        c.    Pain and suffering;

        d.    Emotional distress;

e.    Disfigurement;

f.    Loss of the pleasures of life;

g.    Embarrassment and inconvenience;

h.    Other losses, the full extent of which remains unknown.

## COUNT I – STRICT LIABILITY

12.    Plaintiff hereby incorporates by reference paragraphs 1 through 11 as if the same were more fully set forth herein.

13.    At all times relevant hereto, Defendant designed, manufactured, marketed, sold, and/or distributed the aforementioned Husqvarna saw.

14.    The injuries and damages sustained by the Plaintiff set forth herein were caused by and resulted from the Defendant's breach of its responsibilities and legal duties for which the Defendant is strictly liable, pursuant to § 402A of the Restatement (Second) of Torts, generally and in the following particulars:

a.    At all times relevant hereto, Defendant was the designer, manufacturer, producer, seller, and/or distributor of the aforementioned saw, which was produced in a defective condition and unreasonably dangerous to Plaintiff;

b.    Defendant is engaged in the business of designing, manufacturing, producing, selling, and/or distributing said defective product, and knew that the aforesaid product would be sold to the public without substantial change or alteration, or alternatively, that any such alteration was foreseeable.

15.    The aforementioned saw was defective pursuant to § 402A of the Restatement (Second) of Torts, generally and in the following particulars:

a.    The aforesaid saw was inadequately guarded because it allowed the upper front quadrant of the blade to be exposed, resulting in the potential for kickback;

      b.     The saw failed to contain any braking device that would completely stop the blade from rotating once the saw rotated backward as a result of kickback;

      c.     The product contained inadequate and/or defective instructions and/or warnings;

      d.     The product contained other defects in its design, construction, and manufacturing, which contributed to Plaintiff's damages as shall be more fully determined.

16.    As a result of the conduct of the Defendant, as previously stated, Plaintiff has sustained various injuries, including:

      a.     Costs for medical care and treatment;

      b.     Lost wages and inability to work;

      c.     Pain and suffering;

      d.     Emotional distress;

      e.     Disfigurement;

      f.     Loss of the pleasures of life;

      g.     Embarrassment and inconvenience;

      h.     Other losses, the full extent of which remains unknown.

17.    As a result of the liability-producing conduct on the part of the Defendant, Mr. Schiffhauer has suffered the injuries and damages set forth herein.

WHEREFORE, the Plaintiff, Joel Schiffhauer, demands judgment and damages in his favor in an amount in excess of the limits of compulsory arbitration, plus all costs and reasonable expenses, and such other relief as this Honorable Court may deem proper and just. **JURY TRIAL DEMANDED.**

## <u>COUNT II – BREACH OF WARRANTY</u>

18.    Plaintiff hereby incorporates by reference paragraphs 1 through 17 as if the same were more fully set forth herein.

19.    At the time it sold the saw, Husqvarna was in the business of designing, assembling, distributing, manufacturing, and/or selling saws, and was, with respect to the subject saw, a merchant within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

20.    Husqvarna has breached the implied warranties of merchantability and fitness for a particular purpose (i.e. for use under normal, foreseeable, and expected conditions) in that the aforesaid product failed to have the necessary features and safeguards required to render it safe for normal and expected use, in light of the risks and foreseeable dangers involved in said usage, as set forth herein.

21.    As a result of Husqvarna's breach of warranties, Mr. Schiffhauer has sustained injuries and damages as set forth herein.

WHEREFORE, the Plaintiff, Joel Schiffhauer, demands judgment and damages in his favor in an amount in excess of the limits of compulsory arbitration, plus all costs and reasonable expenses, and such other relief as this Honorable Court may deem proper and just. **JURY TRIAL DEMANDED.**

## <u>COUNT III – NEGLIGENCE</u>

22.    Plaintiff hereby incorporates by reference paragraphs 1 through 21 as if the same were more fully set forth herein.

23.     The injuries and damages sustained by Mr. Schiffhauer were caused by the negligence and/or carelessness on the part of Husqvarna, generally and in the following particulars:

a.     Failing to utilize proper designs or procedures for the manufacture, construction, assembly, distribution, and/or sale of the saw at issue;

b.     Failing to design and/or manufacture the saw with an adequate guard that would prevent the upper front quadrant of the blade from being exposed and reduce the potential for kickback;

c.     Failing to design and/or manufacture the saw with a braking device that would completely stop the blade from rotating once the saw rotated backward as a result of a kickback;

d.     Failing to properly test the saw after its manufacture and prior to its sale;

e.     Failing to inspect the saw prior to its sale;

f.     Failing to design, manufacture, construct, assemble, distribute, and/or sell the saw in such a manner that it would be safe for its foreseeable uses;

g.     Failing to include adequate instructions and/or warnings;

h.     Failing to warn that the saw was unsafe or could become unsafe for its foreseeable use.

24.     As a result of the conduct of Husqvarna, Mr. Schiffhauer sustained the injuries and damages as set forth herein.

WHEREFORE, the Plaintiff, Joel Schiffhauer, demands judgment and damages in his favor in an amount in excess of the limits of compulsory arbitration, plus all costs and reasonable expenses, and such other relief as this Honorable Court may deem proper and just. **JURY TRIAL DEMANDED.**

Respectfully Submitted,

SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC

/s/Ronald P. Carnevali, Jr.
Ronald P. Carnevali, Jr., Esquire
I.D. No. 47733
rcarnevali@spencecuster.com
Toby D. McIlwain, Esquire
I.D. No. 316074
tmcilwain@spencecuster.com

*Attorneys for Plaintiff,*
*Joel Schiffhauer*

1067 Menoher Boulevard
Johnstown, Pennsylvania 15905
(814) 536-0735 (telephone)
(814) 539-1423 (facsimile)